IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROSEMARIE MAINES,

                Plaintiff,

v.

CITY OF MCDONOUGH,
GEORGIA, et al.,

                Defendants.

1:09-cv-3559-WSD

## OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Rosemary[1] Maines' ("Plaintiff") Motion for Proof of Settlement Proceeds Invested [86] ("Motion for Proof"), "Motion: Petition To Resolve the Irrevocable Trust and Change in Trust Name To: the Maines Group, LLC, Remic; Rosemary Maines, TTEE; 3461 Jessica Run, Decatur, Ga 30034" [91] ("Motion to Resolve Irrevocable Trust"), and "MOTION: Petition to Demand Payment on a Judgment Account That Was Submitted in 2011 in Civil Action File Number: 1:09-CV-3559-WSD" [92] ("Motion to Demand Payment").

---

[1] Plaintiff, in her Complaint and on the docket, spells her first name as "Rosemarie." In subsequent pleadings, including the pending motions, Plaintiff spells her first name as "Rosemary." The Court will use Plaintiff's current spelling throughout this Order.

I.     BACKGROUND

Plaintiff filed her Complaint [1] on December 17, 2009. Then represented by counsel, Plaintiff sought damages, attorney's fees and litigation expenses pursuant to 42 U.S.C. §§ 1983, 1988, for injuries caused by the Defendants' alleged violations of the Fourth and Fourteenth Amendments. Plaintiff's claims arose from an April 23, 2006, encounter with officers employed by the City of McDonough Police Department. Plaintiff alleged that the officers used excessive force during the encounter, causing a severe fracture of Plaintiff's right humerus.

During the course of the litigation, counsel for Plaintiff ("Counsel") became concerned that Plaintiff was not able to manage her own affairs after she ceased taking her medication, which in turn resulted in her not communicating with Counsel.[2] On April 28, 2010, Counsel moved [17] the Court to appoint a guardian *ad litem* for Plaintiff pursuant to Rule 17(c)(2) of the Federal Rules of Civil Procedure. The Court held two hearings on the motion, ultimately appointing Thomas F. Wamsley, Jr., an experienced, seasoned Atlanta lawyer, to serve as Plaintiff's guardian *ad litem* (the "Guardian ad litem").[3]

---

[2]   Plaintiff has been diagnosed with schizophrenia since at least December 1990.
[3]   The Court found that "Plaintiff's ability to comprehend and assimilate information is transient and that it is in the Plaintiff's best interest for a guardian *ad litem* to be appointed." (June 18, 2010, Order [25] at 4).

2

Throughout the discovery period, Counsel was largely unable to communicate with Plaintiff. In late August 2010, Plaintiff finally contacted Counsel, who put her back in touch with her family members. Soon after, Plaintiff again ceased communication with Counsel, and her location became unknown. (Petition for Court Approval of Compromise Settlement ("Settlement Petition") [72] at 3-4). In November 2010, Counsel learned that Plaintiff was a patient at Anchor Hospital in Southwest Atlanta. While hospitalized, Plaintiff would not speak directly with Counsel. (Id. at 4).

On or about February 1, 2011, the parties, with the assistance of the Guardian ad litem, agreed to settle the litigation for $325,000 (the "Settlement"). The parties and the Court were concerned that arrangements needed to be made to ensure that the settlement proceeds would be used to address Plaintiff's long-term medical and other life needs. Ms. Ruthann P. Lacey ("Lacey" or "Trustee"), an attorney specializing in representing the elderly with special needs, was retained by Counsel to create a Special Needs Trust for Plaintiff and to serve as trustee of the trust. The Special Needs Trust was, among other reasons, necessary to protect Plaintiff's eligibility for public benefits. (Settlement Petition at 5-6).

On June 2, 2011, Counsel filed the Settlement Petition. On June 9, 2011, the Court approved the creation of the Special Needs Trust [73], and, on

June 13, 2011, the Court issued its Order [74] approving the Settlement.

On February 4, 2013, one and a half years after the Settlement Petition was approved, Plaintiff filed her First Motion for Reconsideration [75], seeking the withdrawal of the Order creating the Special Needs Trust, and her Second Motion for Reconsideration [76], seeking the withdrawal of the Order approving the Settlement Petition.[4]  In both Motions for Reconsideration, Plaintiff argued: (1) She was "not given the correct and proper counsel or advise [sic] when [Plaintiff] signed the settlement papers in July 2011," (2) she is "not mentally ill" and is capable of being her "own trustee," (3) she needs the settlement funds so she "can provide for [herself]" and to "finance [her] way of life," and (4) she is not satisfied with Ms. Lacey as her trustee because of "lack of communications, dishonesty, and too many fees."  (First Motion for Reconsideration at 1-3; see also Second Motion for Reconsideration at 1-3).  Plaintiff's Motions for Reconsideration focused on Plaintiff's objections to the trust arrangement and the appointment of Lacey as trustee to manage the settlement funds.

On June 26, 2013, the Court denied [77] Plaintiff's Motions for Reconsideration, noting that it had carefully considered the record in finding that Plaintiff suffers from schizophrenia and is incapable of handling her own financial

---

[4]   The content of both Motions for Reconsideration were nearly identical.

affairs. (June 26, 2013, Order, at 7). The Court concluded that it correctly entered its June 9, 2011, Order, establishing the Special Needs Trust. The Court concluded also that nothing in Plaintiff's Motions for Reconsideration supported Plaintiff's contention that the Trustee had been derelict in her duties as trustee. (Id. at 8).

On April 25, 2014, Plaintiff filed her Motion to Reopen Case [78]. While filed as a "Motion to Reopen Case," Plaintiff's Motion raised identical arguments to those previously rejected by this Court in its June 26, 2013, Order, denying Plaintiff's Motions for Reconsideration. Plaintiff essentially sought reconsideration of the Court's June 9, 2011, Order, establishing the Special Needs Trust, and again asserts that the Trustee has been derelict in her duties as trustee. On April 28, 2014, Plaintiff filed her Motion for Issuance of Subpoena [79], seeking to subpoena Lacey "and/or Patsy Evans." ([79] at 2). On December 5, 2014, the Court denied [80] Plaintiff's Motion to Reopen Case and Motion for Issuance of Subpoena.[5]

---

[5] On November 20, 2015, Plaintiff filed her Notice of Appeal [84] of the Court's December 5, 2014, Order. On February 26, 2015, Plaintiff filed her Amended Notice of Appeal [87] of the Court's December 5, 2014, Order. On April 8, 2015, the Eleventh Circuit dismissed Plaintiff's appeal for lack of jurisdiction.

On February 20, 2015, Plaintiff filed her Motion for Proof, and, on February 26, 2015, Plaintiff filed her Motion to Resolve Irrevocable Trust and Motion to Demand Payment.

## II.   DISCUSSION

In her Motion for Proof, Plaintiff appears to be requesting copies of cancelled checks for certain debts paid.  (Motion for Proof at 1).  Plaintiff does not specify from whom she seeks copies of these checks, and she does not cite any authority to suggest that the Court is authorized to grant Plaintiff's request.[6]

In her Motion to Resolve Irrevocable Trust, Plaintiff does not appear to ask for any specific relief.  Liberally construed, Plaintiff may be requesting that the Court authorize a change in the name of the Special Needs Trust to allow Plaintiff to have personal control over the funds in the trust.  (See Motion to Resolve Irrevocable Trust at 1).  In her Motion to Demand Payment, Plaintiff appears to be

---

[6]   To the extent that Plaintiff seeks to challenge the payments made by the Trustee as part of the Trustee's administration of the trust, Plaintiff is required to bring a separate action against the Trustee.  Cf. O.C.G.A. § 53-12-6(b) ("Actions concerning the construction, administration, or internal affairs of a trust shall be maintained in superior court . . . ."); O.C.G.A. § 53-12-6(c) ("Any action by or against the trustee or to which the trustee is a party may be maintained in any court having jurisdiction over the parties and the subject matter except as provided in subsection (b) of this Code section."); O.C.G.A. § 53-12-300 ("The trustee shall be accountable to the beneficiary for the trust property. A violation by the trustee of any duty that the trustee owes the beneficiary shall be a breach of trust."); O.C.G.A. § 53-12-301 (establishing remedies for an action against a trustee for breach of trust).

demanding that the judgment awarded in this action be paid directly to her. (See Motion to Demand Payment at 1, 3-4). The Court, for the same reasons explained in its June 26, 2013, Order, concludes that Plaintiff is incapable of handling her own financial affairs and concludes that a Special Needs Trust is necessary to administer the trust assets, and concludes that Plaintiff has failed to provide the Court with a sufficient basis to justify changing the name of the Special Needs Trust or to authorize the judgment awarded in this action to be withdrawn from the Special Needs Trust and paid directly to her.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that that Plaintiff's Motion for Proof of Settlement Proceeds Invested [86], "Motion: Petition To Resolve the Irrevocable Trust and Change in Trust Name To: the Maines Group, LLC, Remic; Rosemary Maines, TTEE; 3461 Jessica Run, Decatur, Ga 30034" [91], and "Motion: Petition to Demand Payment on a Judgment Account That Was Submitted in 2011 in Civil Action File Number: 1:09- CV-3559-WSD" [92] are **DENIED**.

**SO ORDERED** this 16th day of June, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE